# **<u>EXHIBIT A</u>**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                BOSTON MUNICIPAL COURT

| | |
|---|---|
| MELVIN HEARD,<br>Plaintiffs,<br><br>v.<br><br>HANOVER AUTOMOTIVE GROUP,<br>INC. D/B/A RANGE ROVER & LAND<br>ROVER OF HANOVER,<br>Defendants, | NO. 1501CV0243 |

## AMENDED COMPLAINT

The Plaintiff, Melvin Heard, brings the following action against Hanover Auto-motive Group, Inc. The Plaintiff alleges the Defendant engaged in unlawful acts related to the sale of a 2004 Range Rover.

### PARTIES

1.   The Plaintiff, Melvin Heard, is an individual residing in Boston, Massachusetts.

2.   The Defendant, Hanover Automotive Group, Inc. d/b/a Range Rover & Land Rover of Hanover is, on information and belief, a Massachusetts corporation with a principal place of business in Hanover, Massachusetts.

### FACTUAL BACKGROUND

3.   On March 24, 2012, Plaintiff purchased a 2004 Range Rover, VIN SALM-F11434A167520, from defendant.

4.   Defendant represented the vehicle was in merchantable condition and fit for the personal, household, and family use of Plaintiff. The purchase price included a 100% warranty of 60 days.

5.   On or about April 17, 2012, Plaintiff returned the vehicle to defendant because the vehicle was overheating and had visible smoke emanating from the front hood. Defendant admitted fault with vehicle's coolant reservoir and engine and agreed to replace the engine pursuant to the warranty. Upon information and be-lief, the engine replacement was substandard and only intended to be viable long

enough for the express warranty to expire. Defendant further unlawfully charged $435.75 for the repairs.

6.    In early 2013, Plaintiff again noticed the same symptoms of defect with the vehicle. On or about April 2013, Plaintiff had the vehicle towed to defendant identifying the same problems as in April of 2012. At this time, defendant refused to acknowledge any responsibility and demanded Plaintiff pay for to repair the obviously defective engine. Defendant also refused to rescind the sale of the unmerchantable vehicle. Unbeknownst to Plaintiff, Defendant also unilaterally chose to impose storage fees without notice.

7.    The Defendant engages in the business of participating in participating in credit decisions for automobile financing, including setting terms of credit.

8.    On or about March 22, 2012, the Defendant had Mr. Heard fill out a financial services credit application. The credit application contained the trade name of the Defendant as well as the Defendant's logo.

9.    On or about March 24, 2012, the Defendant had Mr. Heard sign a Retail Installment Contract for the purchase of the vehicle. The Retail Installment Contract listed the Defendant as the creditor of the transaction.

10.   The Defendant is not licensed as a motor vehicle sales finance company with the Massachusetts Division of Banks.

11.   Unbeknown to Mr. Heard, the Defendant used the information provided in the financial services credit application to obtain financing of the vehicle through Bank of America Lending Team. On or about March 22, 2012, Bank of America declined to extend credit. Mr. Heard did not receive any written notice from the Defendant of the adverse credit action.

12.   Also unbeknown to Mr. Heard, the Defendant used the information provided in the financial services credit application to obtain financing of the vehicle through Bristol County Savings Bank. On or about March 22, 2012, Bristol County Savings Bank declined to extend credit. Mr. Heard did not receive any written notice from the Defendant of the adverse credit action.

COUNT I

FRAUD/DECEIT

13.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

14.     Defendant fraudulently induced Plaintiff to purchase the subject vehicle. Defendant misrepresented the condition of the vehicle, and misrepresented the replaced engine would correct the defect with the vehicle.

15.     Defendants made the above misrepresentations knowing them to be false and with the intention the Plaintiff rely on them, and Plaintiff did reasonably rely on the them to his detriment.

16.     As direct and proximate result of defendant's fraud, Plaintiff has suffered financial loss, inconvenience, lost time from work, family and other obligations, and emotional distress and mental anguish.

17.     Plaintiff is entitled to rescind the transaction, and hereby offers to return the subject vehicle in exchange for a refund of the purchase price plus other monies expended and damages suffered.

## COUNT II
## BREACH OF IMPLIED WARRANTY

18.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

19.     Defendant breached the implied warranty of merchantability on the vehicle by selling a vehicle which was not in merchantable condition.

20.     Defendant failed to cure the defect.

21.     Plaintiff is entitled to rescind the transaction, and hereby offers to return the subject vehicle in exchange for a refund of the purchase price plus other monies expended and damages suffered.

## COUNT III
## BREACH OF EXPRESS WARRANTY

22.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

23.     Plaintiff is a consumer, Defendant is a dealer, and the subject vehicle is a motor vehicle within the meaning of G.L. c. 90, § 7N1/4.

24.   By failing to honor the vehicle warranty by performing an appropriate repair, defendant has rendered it impossible for Plaintiff to exercise his rights under the statute, including the right to return the vehicle and recover his purchase price.

25.   By charging $258.08 to replace the radiator, and $177.67 in diagnostic work, the defendant has violated the $100 deductible cap under the statute.

26.   Plaintiff is entitled to rescind the transaction, and hereby offers to return the subject vehicle in exchange for a refund of the purchase price plus other monies expended and damages suffered.

## COUNT IV
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES

27.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

28.   At all relevant times, defendant was engaged in trade or commerce.

29.   Defendant's conduct as described herein was unfair or deceptive in violation of G.L. c. 93A, § 2, in the following respects:

   a.   defendant misrepresented the original condition of the vehicle;

   b.   defendant misrepresented its intention to honor the warranty on the vehicle;

   c.   defendant ignored Plaintiff's communications, including requests to have the problems evaluated and repairs made on the vehicle;

   d.   defendant failed to cure the material defect with the vehicle;

   e.   defendant failed to honor Plaintiff's request to rescind the sale in absence of cure;

   f.   defendant interfered with Plaintiff's ability to exercise his rights under the Massachusetts Used Vehicle Warranty Law;

   g.   defendant charged Plaintiff over $100 for repairs during the warranty period in violation of the Massachusetts Used Vehicle Warranty Law;

   h.   defendant refused to provide any documentation of the repairs performed on the vehicle;

i.   defendant has dunned and continues to dun for unlawful storage costs; and

j.   defendant has violated the Equal Credit Opportunity Act.

30.   The above mentioned conduct was willful and wanton in nature.

31.   On February 26, 2014, Plaintiff sent to defendant by certified mail a written demand for relief pursuant to G.L. c. 93A, § 9, which demanded reasonably described the unlawful conduct complained of and injuries suffered.

32.   Defendant's response did not include a reasonable tender of settlement.

33.   Defendant's refusal to grant relief upon demand was in bad faith with knowledge or reason to know their conduct violated G.L. c. 93A, § 2.

## COUNT V
## EQUAL CREDIT OPPORTUNITY ACT

34.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

35.   The termination or rejection of a finance agreement constitutes adverse action for the purposes of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*

36.   The Defendant's applications for credit through Bank of America and Bristol County Savings Bank were rejected.

37.   The Defendant failed to provide Mr. Heard with written notice that the finance transactions were rejected in violation of the Equal Credit Opportunity Act.

38.   The Defendant failed to provide a credit decision regarding the finance transaction in violation of the Equal Credit Opportunity Act.

39.   Upon information and belief, the Defendant has inadequate policies or procedures in place to comply with the ECOA's adverse action notice and record-keeping requirements.

40.   Mr. Heard has suffered damages by reason of these violations of the Equal Credit Opportunity Act.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment against defendant:

A.   Rescinding the subject transaction and ordering defendant to refund Plaintiff's the full purchase price of the vehicle, plus monies paid by Plaintiff towards repairs, plus damages for inconvenience, emotional distress, and mental anguish;

B.   In the alternative, awarding Plaintiff monies needed for necessary repairs, and compensating him for the reduced value of the vehicle without warranty and in need of a new engine, plus damages for inconvenience, emotional distress, and mental anguish;

C.   Award punitive damages in the accordance with the Equal Credit Opportunity Act, 15 U.S.C. § 1691e;

D.   Doubling or trebling any damages awarded pursuant to G.L. c. 93A, § 9;

E.   Awarding Plaintiff's interest, costs or suit, and reasonable attorney fees;

F.   Ordering such further relief as shall be just and proper.

### JURY DEMAND

The Plaintiff demands a trial by jury on all appropriate issues.

Dated: 11/9/2015

Respectfully Submitted,
By Counsel,

Thomas Beauvais, Esq.
BBO# 679996
PO Box 761235
Melrose, MA 02176
(781) 462-1669
thomas@beauvaislegal.com

**Bank of America**

** The information contained in this transmittal is Confidential Information **

BANK OF AMERICA CREDIT DECISION FAX TRANSMITTAL

| | | |
|---|---|---|
| Date: | 05-22-2012 | Time: 11:54:31 |

Document To: Jaguar Land Rover Hanover
Address: 2144 Washington St.
Hanover, MA 02339
Fax Number: (781) 656-0880
Attention: Vincent Deleste

Document From: Bank of America
Fax Number: (866) 382-6916
From: Bank of America Lending Team
Telephone: (702) 207-3792  Ext.

IMPORTANT:  If you should have questions regarding this transmittal, please contact your Bank of America Lender listed above.  Credit decisions are good for 30 days.  Thank you for your business!

Application #: 29002680
Applicant: Melvin L. Heard JR
Co-Applicant: Melvin A Heard

Credit Decision:  Declined

Collateral:  Year:  2004
Make:  LANDROVER
Model:  RANGE ROVER V8

Reasons:  Serious delinquency and public record or collection filed.
Too few accounts currently paid as agreed
Number of accounts with delinquency
Lack of recent revolving account information

Comments:

This Credit Transmittal is specific for the above request and shall not be used as an Official Statement of Credit Denial or Adverse Action Notification.

Date:       03/22/2012

To:         JAGUAR LANDROVER HANOVER

Application ID:    102310

Applicant Name:    MELVIN T HEARD JR

Co-Applicants:     MELVIN A HEARD

**DECISION:        DECLINED**

Decline Reasons:

    CO-APPLICANT HAS DELINQUENT CREDIT HISTORY

    APPLICANT OUT OF LENDING AREA

COMMENTS:

Analyst:        ANNIE RODRIGUES

Phone:          (508) 828-5381

Fax:            1 (508) 828-5378